■ In the Matter of SAMUEL JOSHUA, Petitioner, v. GEORGE F. McGRATH, as Commissioner of Correction of the City of New York, et al., Respondents.— Determination of respondent Commissioner of Correction dated August 22, 1968 dismissing petitioner from his position as correction officer modified on the law and in the exercise of discretion to the extent of mitigating the punishment from dismissal to a suspension without pay from August 23, 1968 to 30 days after service of a copy of the order to be entered hereon, and as so modified, confirmed without costs or disbursements. Petitioner-appellant was a correction officer for about 15 years. He is a combat veteran of World War II. He has been dismissed after a hearing wherein he was adjudged guilty of

all charges, i.e., that on March 7, 1967, March 16, 1967 and April 4, 1967, while absent from duty due to illness, he left his residence without notifying the proper department authorities. Witnesses testified that they called at petitioner's residence, knocked on his door and received no response. Petitioner testified that he was under heavy sedation during the relevant dates, that he did not hear the knocks, but that he was home each time. We concede that there is sufficient and substantial evidence to sustain respondent's finding that petitioner had left his home without notice to respondent in violation of Correction Department rules and regulations. These charges, while substantial, do not involve any venality, corruption or moral turpitude. No charge of viciousness is made. He has been found guilty only of failing to advise respondent that he was leaving his home while absent on sick leave. We conclude that the penalty of dismissal from office is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness. (*Matter of Stolz* v. *Board of Regents*, 4 A D 2d 361, 364; *Matter of Tolan* v. *Murphy*, 39 A D 2d 197; *Matter of Smith* v. *Murphy*, 38 A D 2d 931.) There has been undue delay herein by both sides. Respondent waited about 15 months after the hearing before announcing his decision. A period of four years has elapsed from the time this proceeding was transferred to this court. Petitioner did not pursue it diligently. On the other hand, respondent made no move to dismiss. It would be most unfair to grant petitioner's request for back pay. Concur — Nunez, J. P., Lane and Capozzoli, JJ.; Kupferman and Steuer, JJ., dissent in a memorandum by Kupferman, J., as follows: Whether the judicial review is a narrow one limited to the question of whether a determination is "arbitrary" or "capricious", or a broader one as to whether it is supported by "substantial evidence" (*Matter of Long Is. Coll. Hosp.* v. *New York State Labor Relations Bd.*, 32 N Y 2d 314), the determination should be confirmed. If all that were involved was the question of leaving a residence without notifying the proper department authorities while absent from duty due to illness, then I would not be dissenting. However, the hearing officer in his comprehensive report stated the basis for the recommendation of dismissal: "The determination in this case is not solely predicated on the instant charges and specifications, but predominantly on the composite adverse employment record reflected in the foregoing eleven (11) departmental disciplinary actions, consisting of twenty (20) separate specifications, instituted against this employee during his approximately fifteen (15) years as a member of the uniformed force of the department." We cannot, on the one hand, be concerned with the problems of the prisoners and the operation of the Department of Correction, and yet, on the other hand, hamstring that department in doing its job by mandating upon it the continuance in employment of one with a record as indicated. (See *Matter of Phinn* v. *Kross*, 26 Misc 2d 889, 892 affd. without opn. 15 A D 2d 641.) The findings are supported by substantial evidence. *Matter of Sowa* v. *Looney* (23 N Y 2d 329); and petitioner's dismissal, in the light of all the circumstances, is not "' " shocking to one's sense of fairness "'". (*Matter of McDermott* v. *Murphy*, 15 A D 2d 479, affd. without opn. 12 N Y 2d 780, and cases cited therein.) The determination should be confirmed.